## In re NG LEN NGEOW.

### No. 21842–S.

District Court, N. D. California, S. D.
Jan. 12, 1935.

O. P. Stidger and J. H. Sapiro, both of San Francisco, Cal., for petitioner.

H. H. McPike, U. S. Atty., of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Applicant, a Chinese boy of thirteen, was denied admission into the United States by a Board of Special Inquiry, and appeal to the Secretary of Labor was dismissed.

In his decision the Secretary of Labor says: "The real ground for the finding of the Board of Special Inquiry that the evidence does not reasonably establish that the applicant is a son of his alleged father is the fact that neither the alleged father nor the landed alleged brother who appears as a witness has been in a position to testify of his own knowledge that this applicant is iden-

500

tical with the child claimed as a son by the alleged father in October, 1921. The child of whom they spoke at that time was less than two months old when they left China and neither claims to have seen him since then. The Board of Review does not find as the Board of Special Inquiry did not find that the present applicant has been satisfactorily identified as a son of his alleged father or that any substantial evidence has been presented in support of that claim."

The facts show that "identification by mutual recognition is impossible." Jue Yim Ton v. Nagle (C. C. A.) 48 F.(2d) 752.

In addition to the failure of identification, there are several discrepancies, one of which is alone sufficient ground for denial of admission. It relates to the location of the family home in China, and is referred to in the decision of the Secretary as follows: "In 1921 the applicant's alleged father and his two alleged older brothers who were then applying for admission testified that the house in which their family was living was located on the third space of the second row from the head of the village. In the present case the applicant and his witnesses testify that their family home is and always has been the third house on the first row of the village counting from the head. The attorney's attempt to resolve this discrepancy by the suggestion that the testimony in 1921 had referred to the alleys between the rows of houses instead of the rows themselves does not appear to be satisfactory in view of the fact that in the 1921 testimony a house belonging to another person was described as being on the third lot of the first row of the village which is the location given in the present testimony for the house in which the applicant's family is claimed always to have lived."

As said by Judge Garrecht in Whitty v. Weedin (C. C. A.) 68 F.(2d) 127, 130, the point to be determined is whether the applicant had a fair hearing, and, if it appears from the record that he had, the court is not at liberty to disturb the decision. "The truth of the facts is for the determination of the immigration tribunals, and where its procedure and decision are not arbitrary or unreasonable, and the alien has had a fair hearing, the result must be accepted."

From an examination of the record, I cannot say that the administrative officers acted arbitrarily, or that the hearing was unfair.

The application is therefore denied.